UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-69-FDW

| KEVIN D. GRAY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| PATSY L. CHAVIS, Administrator, Tabor Correctional Institution, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's federal habeas petition filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases. For the reasons that follow, Petitioner's Section 2254 petition will be denied and dismissed.

## I. BACKGROUND

Petitioner is presently a prisoner of the State of North Carolina following his conviction in Lincoln County Superior Court on one count of second-degree kidnapping and one count of second-degree rape. Petitioner was sentenced to a term of 46 to 65 months on the kidnapping conviction and a consecutive term of 133 to 169 months' imprisonment on the rape conviction. The trial court entered judgment on January 31, 2003 and Petitioner noted an appeal to the North Carolina Court of Appeals.

On appeal, the appellate court summarized the evidence presented at Petitioner's trial:

> Lieutenant Dean Abernathy (Lieutenant Abernathy) of the
> Lincolnton Police Department testified that at approximately 3:30

1

a.m. on 29 July 2001, he received a telephone call from his sergeant informing him of an alleged rape. Lieutenant Abernathy went to Gaston Memorial Hospital, where he spoke with S.E.H. Lieutenant Abernathy testified that S.E.H. told him that at approximately 9:30 p.m. on 29 July 2001, she heard a knock at her door.[1] She opened the door and saw a white male standing in the doorway. She told Lieutenant Abernathy that the man forced his way into the house and pushed her onto a couch in the living room. She also told him that the man grabbed her from the couch and forced her into an adjoining bedroom where the man shook her until she passed out. S.E.H. told Lieutenant Abernathy that when she awoke, the man was "raping her anally[,]" and that the man continued the attack, "raping her anally and vaginally."

Lieutenant Abernathy testified that S.E.H. told him that the man then put her in the bedroom closet for about forty-five minutes. When the man took her out of the closet, he placed a pillowcase over her head and took her into the bathroom where he put her into the shower and said that he "was going to wash the evidence off." Lieutenant Abernathy testified that S.E.H. told him that the man then sexually assaulted her again, anally and vaginally. Lieutenant Abernathy further stated that S.E.H. said that before the man left her apartment, he took the bed sheets, the towels he had used in the bathroom, and a bottle of window cleaner. He used the window cleaner and one of the towels to wipe off the door.

Lieutenant Abernathy testified that he interviewed S.E.H. a second time on 30 July 2001 at the Lincolnton Police Department. Over Defendant's objection, Lieutenant Abernathy testified that in this second interview, S.E.H. told him that the man told her he was a criminology major at North Carolina State University, that he knew computers, and that he could trace telephone calls. S.E.H. also testified at trial and her testimony echoed Lieutenant Abernathy's in most respects, but did not include Defendant's statements regarding his college major, knowledge of computers, or his ability to trace telephone calls. S.E.H. also testified that when Defendant entered her house he told her he had a gun and that she "was going to do what he said." S.E.H. testified that after Defendant forced her to her bedroom, he choked her with his left arm until "everything went black."

At the close of the State's evidence, Defendant moved to

---

[1] The victims is identified using the initials "S.E.H." to protect her privacy.

> dismiss the second-degree kidnapping charge. The trial court denied Defendant's motion.
>
> Defendant testified at trial and denied that any nonconsensual sexual contact had taken place. Defendant also presented other evidence unrelated to this appeal. At the close of Defendant's evidence, he renewed his motion to dismiss the kidnapping charge.
>
> On appeal, Defendant argues (1) that the trial court erred by denying his motion to dismiss on the grounds that the State failed to prove an asportation separate and apart from the rape itself; and (2) that the trial court erred by overruling Defendant's objection to the admission of portions of Lieutenant Abernathy's testimony as non-corroborative hearsay. We find no error.

State v. Gray, 646 S.E.2d 442, 2007 WL 1928682 (N.C. Ct. App. July 3, 2007) (unpublished table decision).

The court of appeals affirmed Petitioner's judgment in all respects and he did not seek further review of his judgment until he filed a motion for appropriate relief (MAR) in the Lincoln County Superior Court on February 14, 2014, which the superior court denied by order entered on February 25, 2014. (5:14-cv-69, Doc. No. 1 at 3). On March 24, 2014, the court of appeals denied the petition for a writ of certiorari to review the decision of the trial court. State v. Gray, No. P14-197 (N.C. Ct. App. 2014). (Id., Doc. No. 1-1 at 4). Petitioner avers that he placed his § 2254 petition in the prison mail system on April 10, 2014. (Id. at 15). See Houston v. Lack, 487 U.S. 266, 276 (1988) (noting prison mail box rule).

## II. DISCUSSION

In this § 2254 proceeding, Petitioner raises two claims for relief which were rejected by the court of appeals in his direct appeal. First, Petitioner claims that the trial court erred in failing

3

to dismiss the second-degree kidnapping charge because "the State failed to prove an asportation separate and apart from the rape itself." Davis, 2007 WL 1928682, at *2. The court of appeals denied relief on this claim after concluding that the evidence presented demonstrated that "Defendant restrained S.E.H. beyond what was necessary to commit the rape." Id. at *4.

Next, Petitioner argued that the trial court committed prejudicial error by allowing Lieutenant Abernathy to testify to statements made by S.E.H. that were ultimately not corroborated through her testimony at trial. In overruling this argument, the court noted that "S.E.H.'s out-of-court statements to Lieutenant Abernathy did not contradict her testimony at trial . . . [r]ather her pretrial statements regarding Defendant's criminology background and ability to trace calls strengthened and confirmed her trial testimony." Id. at *5-6.

In his MAR, the Petitioner raised the previous two claims that were denied on direct appeal, and three new grounds for relief. In his first ground, Petitioner argues that the trial court erred by when it "invoked the doctrine of merger to require the State to elect which case it would proceed upon." (5:14-cv-69, Doc. No. 1-1 at 1). In his second ground, Petitioner contends that the State committed prosecutorial misconduct in charging Petitioner with more counts "than can be reasonably supported with evidence at trial." (Id. at 2). In his final claim for relief, Petitioner argues that his right to be free from Double Jeopardy was violated when "he was sentenced for second degree kidnapping and second degree rape with consecutive sentences from a single continuous transaction." (Id.).

The Antiterrorism and Effective Death Penalty Act (AEDPA), as amended in 1996, provides in relevant part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

As noted above, Petitioner's criminal judgment was entered by the trial court on January 31, 2003, and the court of appeals affirmed this judgment in all respects on July 3, 2007, and he did not seek further review. Therefore, based on the record before the Court, it appears that his judgment became final for purposes of federal habeas review thirty-five days after the court of appeals filed its opinion. See N.C. R. App. P. 32(b) (providing that unless the court orders otherwise, the mandate of the court issues 20 days after the written opinion is filed) and Rule 15(b) (a petition for a discretionary review must be filed and served within fifteen days after the court of appeals issues its mandate).[2]

---

[2] The Court notes that Petitioner did not file a petition for discretionary review with the Supreme Court of North Carolina thus it appears that he may have failed to exhaust his state remedies before he sought federal habeas review. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Nonetheless, the Court finds that each of the State's rulings satisfies the provisions of 28 U.S.C. § 2254(d), in that no decision was contrary to or involved an unreasonable application of Federal law, as interpreted by the Supreme Court of the United States, id. § 2254(d)(1)

Based on the present record, the Court finds that his one-year limitation period expired on or about August 18, 2008. Petitioner did not file his MAR until February 19, 2014. Nevertheless, Petitioner explains that his § 2254 petition should be deemed timely because he filed this action within one year of the date that the court of appeals denied his petition for discretionary review of the superior court's denial of his MAR. (Doc. No. 1 at 13-14). Petitioner's argument regarding timeliness is misguided. While it is true that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection", 28 U.S.C. § 2244(d)(2), Petitioner's one-year limitation to seek relief through a MAR expired in August 2008, and an untimely application for post-conviction relief in State court will not serve to revive his one-year time limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (noting the provisions of § 2244(d)(2)).

Thus, based on this record it appears that Petitioner's § 2254 petition should be dismissed as untimely unless he can establish a strong case for equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (providing for equitable tolling of the statute of limitation if the petitioner can demonstrate that he has diligently pursued his rights, and that an extraordinary circumstance prevented timely filing) (internal citation omitted). However, there is no evidence in Petitioner's § 2254 petition or any attachments that explains why he waited some five and half years to seek relief through a post-conviction proceeding in Lincoln County Superior Court. And as the Court has already found, the court of appeals rulings were sound on direct appeal under

---

and Petitioner has failed to make any showing that any State court decision rested on an unreasonable determination of the facts. Id. § 2254(d)(2). Accordingly, the Court finds that Petitioner's claims should be denied on the merits despite his failure to exhaust. Id. § 2244(b)(2). In any event, the Court finds that Petitioner's plea for habeas relief is clearly time-barred as discussed herein and he makes no credible claim for equitable tolling of the statute of limitation.

the provisions of § 2254(d), and Petitioner knew the claims presented on direct appeal yet he still waited five and half years to present his claims in a federal habeas proceeding. Finally, the Court finds that Petitioner knew or should have known about the three additional claims he presented in his MAR, but again, he waited five and half years too late to present them. Based on the foregoing, the Court finds that Petitioner cannot demonstrate that he has been diligently pursuing his rights and his § 2254 will be denied and dismissed.

### III. CONCLUSION

**IT IS, THEREFORE ORDERED** that Petitioner's petition for habeas corpus will be **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 23, 2014

Frank D. Whitney
Chief United States District Judge